1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9
10

NORTHWEST SHEET METAL WORKERS
ORGANIZATIONAL TRUST, *et al.*,

11                   Plaintiffs,

Case No. C11-1574RSL

12          vs.

13  CLIMATE SYSTEMS, LLC,

ORDER ON CROSS-MOTIONS FOR
SUMMARY JUDGMENT

14                   Defendant.

15
16
17

**I. INTRODUCTION**

18

19         This matter comes before the Court on defendant's and plaintiffs' cross-motions for

20  summary judgment.  Dkts. # 16 and # 24. Defendant Climate Systems, LLC (hereinafter

21  "Climate Systems" or "defendant") is a construction contractor in the sheet metal industry that

22  has been a signatory to a collective bargaining agreement with Sheet Metal Workers

23  International Association, Local 66 (hereinafter "Union"). The Union and various beneficial

24  trust funds and trustees (hereinafter "plaintiffs") initiated this action against Climate Systems

25  under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185,[1] and

26  ─────────────────

27         [1] In their Amended Complaint, Dkt. # 11, plaintiffs reference section 301 of the National Labor

28  ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT- 1

1   Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.

2   § 1132, for unlawfully repudiating the parties' collective bargaining agreement and for failing to

3   make payments to the various trust funds. In its motion for summary judgment, the defendant

4   claims that it lawfully repudiated the collective bargaining agreement and that the charges

5   should be dismissed. Plaintiffs filed a cross-motion for summary judgment contending that the

6   repudiation was unlawful and that damages for trust fund contributions and back wages are

7   proper.

8          For the reasons set forth below, the Court DENIES "Climate Systems LLC's Motion for

9   Summary Judgment" and GRANTS in part "Plaintiffs' Motion for Summary Judgment."

10

11                          **II. BACKGROUND FACTS AND PROCEDURE**

12         As a signatory to a collective bargaining agreement (hereinafter "CBA") with the Local 66

13  Sheet Metal Workers Union, Climate Systems was obligated to hire union workers and make

14  various trust fund contributions on its employees' behalf. Decl. of Daniel Hutzenbiler, Dkt. # 25,

15  at Ex. A. This dispute focuses on the circumstances surrounding Climate Systems' unilateral

16  repudiation of the CBA on October 25, 2010, when the defendant sent a letter to the Union stating

17  that it was employing, at most, one full-time sheet metal worker, and that "the agreement with [the

18  Union] is therefor [sic] repudiated and ineffective." Decl. of Douglas Hayes, Dkt. # 17, at Ex. 1.

19  The Union responded that Climate Systems did not qualify under the "one-employee" exception,

20  Decl. of Aaron Bailey, Dkt. # 19, at Ex. C, but Climate Systems continued sending remittance

21  reports to trust administrators in which it claimed that it had no employees, id. at Ex. D.

22         In June 2011, the Union's business representative became aware that multiple Climate

23  Systems employees were performing sheet metal work. Decl. of Aaron Bailey, Dkt. # 26, at ¶6.

24

25  Relations Act ("NLRA"), and cite to 29 U.S.C. § 185. That section of the U.S. Code in fact corresponds

26  to the LMRA, not the NLRA.

27  ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT- 2

28

On July 15, 2011, the Union filed an unfair labor practice charge with the National Labor Relations Board ("NLRB") alleging unlawful repudiation and unlawful refusal to provide information relevant to the parties' collective bargaining agreement. Decl. of Douglas Hayes, Dkt. # 17, at Ex. 2. That petition was dismissed as untimely by the NLRB because the charge was not filed within six months of the October 2010 repudiation letter. Id. at Ex. 3.

Several days after it filed the NLRB charge, the Union also filed a request for a hearing with the Local Joint Adjustment Board ("LJAB") pursuant to the CBA's grievance procedures. Decl. of Aaron Bailey, Dkt. # 26, at Ex. R. Climate Systems did not participate in the LJAB hearing, and the LJAB issued a decision in the Union's favor finding that the defendant owed back wages and benefits. Id., at Ex. U. The Union and trust funds then commenced this action for ERISA contributions and enforcement of the arbitration award.

According to documents produced in discovery, in particular Climate Systems' payroll records, the parties agree that the defendant employed multiple sheet metal workers both before and after repudiation. Defendant's Opposition to Plaintiffs' Motion for Summary Judgment, Dkt. # 30, at 4. Prior to repudiation, the defendant confirms an "average workforce of, at most, three sheet metal workers in the field." Id. By October 2010, only one employee was working for Climate Systems, and as of the October 25, 2010, repudiation, the defendant employed no employees. Decl. of Daniel Hutzenbiler, Dkt. # 25, at Ex. M. In January 2011, Climate Systems hired Justin Hayes, the owner's son, to perform estimating work and project management. Two more employees were hired in February 2011 to perform sheet metal work: Kevin Wilen, the fiancé of the owner's daughter, and Jason Sperling. A fourth employee, Juan Lopez, was added in April 2011, and Jess Fowler was hired in July 2011. Decl. of Douglas Hayes, Dkt. # 31, at 2. Although the parties disagree as to whether these employees count in determining the scope of Climate Systems' workforce, there is no dispute as to the fact of their employment.

In its motion for summary judgment, Climate Systems seeks dismissal of the action on the grounds that the Court lacks subject matter jurisdiction and that the repudiation is a complete

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT- 3

1   defense against claims for wages and benefits arising after the repudiation. Plaintiffs argue in

2   their cross-motion for summary judgment that Climate Systems unlawfully repudiated the CBA,

3   and it is therefore liable for trust fund contributions, back wages, and attorneys' fees. In addition

4   to seeking a determination of liability, plaintiffs ask the Court to determine the date through

5   which the defendant remains liable.

6

7                                         **III. DISCUSSION**

8           Summary judgment is warranted where the movant shows that there is no genuine dispute

9   as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P.

10  56(a). Having reviewed the parties' motions and the accompanying evidence, this Court finds that

11  summary judgment in plaintiffs' favor is appropriate.

12          Because the parties' arguments turn on whether Climate Systems lawfully repudiated the

13  collective bargaining agreement, the Court will address this issue first.

14  **A. Repudiation of the Collective Bargaining Agreement**

15          The primary issue before the Court is whether Climate Systems lawfully repudiated its

16  CBA with the Union on October 25, 2010, when it claimed that it was not bound to the agreement

17  because it employed at most one employee. Generally, a party may not unilaterally repudiate a

18  collective bargaining agreement during its term. Stack Electric, Inc., 290 NLRB 575, 577 (1988).

19  One recognized exception to this general rule arises if an "employer employs one or fewer unit

20  employees on a permanent basis," because "the principles of collective bargaining presuppose

21  that there is more than one eligible person who desires to bargain." Id. (citations omitted). The

22  Ninth Circuit has recognized this exception in actions brought under the LMRA, 29 U.S.C. § 185,

23  and ERISA, 29 U.S.C. § 1132. Laborers Health & Welfare Trust Fund v. Westlake Dev., 53 F.3d

24  979, 983 (9th Cir. 1995).

25          Because the one-person unit defense is the NLRB's interpretation of its own rule under 29

26

27  ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT- 4

28

1   U.S.C. § 158(f), it is proper for the Court to look to the standards set by the Board. Allentown

2   Mack Sales & Serv., Inc. v. NLRB, 522 U.S. 359, 364 (1993) (noting the Board's requirements

3   should stand unless they are arbitrary or capricious). In determining whether an employer has

4   lawfully repudiated the contract, the NLRB "require[s] proof that the purportedly single-

5   employee unit is a stable one, not merely a temporary occurrence," taking into account

6   "employment fluctuations in the construction industry." McDaniel Electric, 313 NLRB 126, 127

7   (1993). It is the employer's burden of proof to establish that it has a stable, one-person unit. See

8   id.; Galicks, Inc., 354 NLRB No. 39, at *6 (2009). In McDaniel, the respondent employed two or

9   more employees at a construction project during at least five weeks of a thirteen-week period; the

10  Board found that the respondent had not shown a stable, permanent workforce of one. McDaniel,

11  313 NLRB at 127.

12      In analyzing the scope of the employer's workforce, the Board has considered the number

13  of bargaining-unit employees working both before and after the employer's repudiation of the

14  CBA. See Wilson & Sons Heating & Plumbing, Inc., 302 NLRB 802, 802–03 (1991) (overturned

15  on other grounds, 971 F.2d 758 (D.C. Cir. 1992)). In Wilson & Sons, the Board found that there

16  was not a stable one-person unit even though the employer had one permanent employee for a

17  nine-month period, encompassing a four-month period before repudiation and a five-month

18  period after repudiation. At other critical times, including the period immediately preceding the

19  hearing and at the time of contract execution, the employer had more than one bargaining-unit

20  employee. Id.

21      Here, there is no dispute that Climate Systems employed multiple bargaining-unit

22  employees both before and after repudiation. Prior to repudiation, Climate Systems confirms that

23  it employed an average of three sheet metal workers. Defendant's Opposition to Plaintiffs'

24  Motion for Summary Judgment, Dkt. # 30, at 4. It was not until October 2010 that Climate

25  Systems' employment ranks dropped to one employee, and by the time of repudiation on October

26

27  ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT- 5

28

25, 2010, Climate Systems employed no employees. Decl. of Daniel Hutzenbiler, Dkt. # 25, at Ex. M. Business improved with the new year, and Climate Systems scaled up its workforce, hiring one employee in January 2011, two more in February 2011, a fourth in April 2011, and a fifth in July 2011. Decl. of Douglas Hayes, Dkt. # 31, at 2. Mr. Hayes acknowledged that it is common in his industry to hire workers for specific projects. Decl. of Daniel Hutzenbiler, Dkt. # 25, at Ex. M.

The Court finds that Climate Systems' temporary lull in business toward the end of 2010 is typical of the construction industry, and it is precisely this lull in business that the NLRB has taken into consideration when evaluating whether an employer maintains a permanent workforce of one. McDaniel, 313 NLRB at 127. Accordingly, the Court holds that Climate Systems has not met its burden of proof in showing that its repudiation of the CBA was lawful.

The cases cited by Climate Systems in support of its defense are inapposite here. First, the defendant cites Searls Refrigeration Co., 297 NLRB 133, 135 (1989), for the proposition that certain employees cannot be counted as part of the workforce because they hold a supervisory position. Climate Systems argues that the owner's son, Justin Hayes, should not be counted because of his management and supervisory duties. Still, even if Justin Hayes is removed from the workforce count, the Court finds that the defendant employed multiple employees from February 2011 through July 2012.

Next, the defendant cites to two NLRB cases for the proposition that employee Kevin Wilen, the fiancé of the owner's daughter, should not be counted as part of the workforce because he is too closely connected to the owner to share a community of interest with regular employees. Cherrin Corp. V. NLRB, 349 F.2d 1001 (6th Cir. 1966); Foam Rubber City #2 of Florida, Inc., 167 NLRB 623 (1967). The issue in those cases was whether relative-employees should have the right to vote in a union election, not whether they should count for the purposes of determining whether an employer has a permanent, stable workforce of one. In McDaniel, the Board expressly

declined to apply individual voting eligibility standards in determining the scope of the employer's workforce. McDaniel, 313 NLRB at 128 n.4. This Court agrees.

Finally, the defendant claims that in determining whether an employer has a stable, permanent one-person unit, only permanent employees should be counted. Searls Refrigeration Co., 297 NLRB at 135 (finding that two part-time employees hired for two months did not render the repudiation unlawful). However, the facts of that case are distinguishable insofar as the Board in Searls did not consider how to count a larger workforce comprised of entirely part-time employees. The Court will instead take its direction from McDaniel, in which the Board expressly considered fluctuations in the workplace and the temporary nature of many employees' jobs in the construction industry.  McDaniel, 313 NLRB at 127. This Court agrees that the key consideration is not the nature of any particular *employee's* expectation of permanency, but rather the overall scope of the *employer's* workforce.

Accordingly, the Court holds that Climate Systems has not proven that it employed a permanent, stable one-person unit and that its repudiation of the CBA was unlawful.

**B. Subject Matter Jurisdiction**

Climate Systems claims in its Motion for Summary Judgment that the Court has no subject matter jurisdiction because only the NLRB has jurisdiction to adjudicate rights and liabilities arising after the repudiation of a CBA. Having determined that the repudiation was unlawful, the Court finds defendant's argument unpersuasive.

Defendant next argues that the Court is barred from addressing the lawfulness of Climate Systems' repudiation by the NLRA's six-month jurisdictional limit. 29 U.S.C. § 160(b). Climate Systems reasons that because ERISA and Section 301 of the LMRA have no express statute of limitations period, the Court should follow the NLRA's six-month limitation period as the "most appropriate" or "the most analogous." Wilson v. Garcia, 471 U.S. 261, 268 (1942). Generally, federal courts turn to state law to determine the applicable limitations period, but the Supreme

Court and Ninth Circuit have applied analogous federal law in certain instances where "the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial law making." Teamsters Union Local 315 v. Great Western Chemical Co., 781 F.2d 764, 768 (9th Cir. 1986) (citing DelCostello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 171–72 (1983)).

The Court declines to adopt the NLRA's six-month limitations period for the purposes of this contribution action. As regards public policy, the Ninth Circuit has held that an ERISA claim is governed by Washington's six-year statute of limitations, which is necessary to give a trust fund "ample opportunity to recover delinquent contributions in accordance with Congress' intent to assure adequate funding of pension plans and to reduce procedural obstacles to recovery for benefits due." Pierce Cnty. Hotel Employees & Restaurant Employees Health Trust v. Elks Lodge, 827 F.2d 1324, 1328 (9th Cir. 1987). In comparison, the Ninth Circuit has noted that the NLRA's six-month limitations period "suggests that relatively rapid disposition of labor disputes is a goal of federal labor law." Teamsters, 781 F.2d at 767. Given the markedly different public policy rationales behind ERISA and the NLRA, the Court declines to apply the NLRA's six-month limitations period as the most analogous to the instant matter. The Court holds that Washington's six-year statute of limitations applies and that it has jurisdiction to hear this contribution action.

**C. Defendant's Liability**

Having determined that the repudiation was unlawful and that this Court has jurisdiction, the next issue to consider is through what date the defendant remains liable under the CBA. After the October 2010 repudiation, there are two events that potentially determine the extent of plaintiffs' recovery. First, plaintiffs received an arbitration award on September 13, 2011, for trust fund contributions and back wages owed. Second, plaintiffs' unfair labor practice claim was dismissed by the NLRB on September 28, 2011.

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT- 8

Upon review of the parties' motions and supporting evidence, the Court finds that the defendant's briefing does not sufficiently address these contingencies given the Court's holding that the repudiation of the CBA was unlawful. The Clerk of Court is directed to renote plaintiffs' motion for summary judgment (Dkt. # 24) on the Court's calendar for December 21, 2013. Defendant may file a supplemental opposition on or before December 17, 2013. Plaintiffs may reply on or before the note date.

## IV. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that "Climate Systems LLC's Motion for Summary Judgment" is DENIED, and "Plaintiffs' Motion for Summary Judgment" is GRANTED in part. Plaintiffs' request for a finding that Climate Systems unlawfully repudiated the CBA on October 25, 2010, is GRANTED. The Court reserves ruling on plaintiffs' requests for damages under ERISA section 502(g) and for enforcement of the LJAB award pending further briefing.

Dated this 6th day of December, 2012.

_MM S Lasnik_

Robert S. Lasnik
United States District Judge

ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT- 9